In the case of the plaintiff against Wilde, no entry appeared on the record, save this, "that the surety brought him into court and surrendered him."
Upon this case the question was, if Wilde was in the custody of the sheriff upon the plaintiff's judgment, or not; and the presiding judge being of opinion that he was, the plaintiff had a verdict and judgment, from which the defendant appealed.
In this Court the cause was submitted without argument, (234) no counsel offering on either side.
It is essential to a recovery in this action against the sheriff that the party escaping shall be proved to have been arrested or charged in execution at the suit of the plaintiff. In this case the issue was made up and tried between Cluff and Wilde, and it was on account of the fraudulent attempt of Wilde to deceive his creditors, established on that issue, that the order was made for his commitment. The sheriff was not bound to take notice of the claim of any other person, for it does not necessarily follow that Wilde would have been committed at the suit of Folsom, or that the same verdict would have been returned by the jury. If a debtor be in custody of the sheriff at the suit of one person, or by process of law, and another has a ca. sa. against him, the sheriff is not chargeable with an escape at the suit of the latter, unless the writ has been delivered to him. But if the second writ is delivered to him, the party is then in custody by force of that writ, in judgment of law, and the plaintiff may declare accordingly. Frost's case, 5 Co., 89. *Page 139 
The caution with which the law abstains from charging a sheriff with an escape, where he has not due notice of the party being in custody at the suit of the person suing for an escape, is strongly shown in Westby's case, 3 Coke, 71. There Bustard had severally in execution at the suit of Dighton, as well as at the suit of Westby, and the sheriff, at the end of the year, delivered over Bustard, among others, to the new sheriff by indenture, in which indenture the execution of Dighton was mentioned, but the execution at the suit of Westby was omitted. And afterwards Bustard, always being in jail in the time of the new sheriff, escaped. In a suit brought against the old sheriff for the escape, it was argued for him that he was not liable, since he had delivered the body of Bustard, then (235) being in jail, to the new sheriff, consequently the escape began in his time, and as he had the party in his custody, he ought at his peril to take notice of all executions, being matters of record, and ought to keep him till all were satisfied.
But it was resolved by the Court: 1. That when the body of Bustard was delivered to the new sheriff, as in execution of the suit of Dighton only, by that he was out of custody of the old sheriff, and he cannot be within the custody of the new sheriff for Westby's execution, because he was not delivered to him, nor the sheriff charged with him, for Westby's execution; and although he was within the walls of the prison, yet it was an escape in law as to Westby; and that the escape began the moment the old sheriff delivered the prisoner to the new sheriff.
2. That the old sheriff ought to give notice to the new sheriff of all the executions against any one who is in custody, although the executions are of record; yet the new sheriff shall not take notice of them at his peril, but shall be charged only with such whereof the old sheriff gave him notice.
This case appears to me to show clearly, upon common-law principles, that the sheriff cannot be chargeable to this plaintiff for the escape of Wilde, however the case may prove to be between Cluff and the defendant.
But I think the same conclusion is deducible from the act of 1822, under which these proceedings have taken place. The plaintiff's argument must be that a commitment, on the finding of the issue between any one creditor who had arrested Wilde, must be a commitment as to all; and that the sheriff should have taken notice of all those claims wherein Wilde's bail had surrendered him, and should have detained him till he was discharged as to all. To this the answer is, that the court may commit for either of three distinct causes: (1) *Page 140 
(236) fraud or concealment; (2) refusing to answer on oath; (3) not giving notice to the creditor. Now, it may happen that the debtor is committed for not giving notice to the creditor between whom and himself the issue is made up. Shall the commitment be considered as on account of those creditors to whom he had given notice, which, no issue having been tried between him and them, he had no opportunity of showing? I think this alone sufficient to decide the case.
I am of opinion that the judgment be reversed, and a new trial granted.